**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4645**

_____

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

TRACY MAURICE THOMAS,

                    Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (4:08-cr-00020-BR-1)

_____

Submitted:  August 5, 2010          Decided:  August 25, 2010

_____

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary J. Darrow, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Maurice Thomas pled guilty, pursuant to a written plea agreement, to possession with the intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West Supp. 2010), possession with the intent to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), and two counts of using and possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). The district court sentenced Thomas to two concurrent terms of 77 months' imprisonment on each of the cocaine base possession counts and consecutive terms of 60 and 300 months' imprisonment on the firearm counts, for a total of 437 months' imprisonment. Thomas challenges his conviction on appeal, contending that the district court erred in denying his motions to withdraw his guilty plea and for the withdrawal of counsel. We affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). Withdrawal of a guilty plea is not a matter of right. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003). Rather, the defendant bears the burden of showing "a fair and just reason" for the withdrawal of his guilty plea. Fed. R. Crim. P. 11(d)(2)(B). A fair and just reason "is one that essentially

2

challenges the fairness of the Rule 11 proceeding." United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (internal quotation marks and ellipsis omitted). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." Bowman, 348 F.3d at 414. A properly conducted Rule 11 proceeding "raise[s] a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). In deciding whether a defendant has met the burden of showing a fair and just reason for withdrawal of a guilty plea, we consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).

Thomas contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because he claimed he was unhappy with his counsel's representation and pled guilty after being threatened by counsel with a life sentence, even though he was not guilty of several of the charges to which he pled guilty. Thomas argues that

3

these facts, along with his mental health "issues," resulted in a guilty plea that was not knowingly and voluntarily made.

Thomas, however, has not specified how any mental health conditions he suffered in any way prevented him from entering a guilty plea that was knowing and voluntary. We have reviewed the transcript of the guilty plea hearing, and, in light of the district court's full compliance with Rule 11 in accepting Thomas's guilty plea, Thomas has not "offered credible evidence that his plea was not knowing or otherwise involuntary." Id. Further, at the Rule 11 hearing, Thomas confirmed that he understood he faced a maximum of life imprisonment on each of the firearms counts, had not been threatened or coerced into pleading guilty, and was satisfied with counsel's services. Thomas's statements at the Rule 11 hearing indicate that he entered the guilty plea knowingly and voluntarily. See Fields v. Att'y Gen., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.").

Thomas does not credibly assert his legal innocence. He points out he advised the district court that he did not possess a firearm in furtherance of his drug trafficking crimes. However, the presentence report reflects that Thomas possessed a handgun during and in relation to the drug trafficking offense

4

of possession with the intent to distribute cocaine base. Moreover, Thomas admitted possessing the firearm at the Rule 11 hearing, and he does not offer any evidence to suggest why his statements at the hearing should not be accepted as true.

Thomas's motion to withdraw his plea was not timely because it was filed over seven months after the Rule 11 proceeding. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991) (holding that six-week delay militated against withdrawal of guilty plea). Thomas's assertion that he lacked the close assistance of counsel is the only Ubakanma factor that might weigh in his favor. It is certainly clear from the record that Thomas had differences with counsel. However, Thomas neither suggests, nor does the record reveal, that counsel was not competent. Finally, allowing Thomas to withdraw his guilty plea likely would have prejudiced the Government and inconvenienced the district court due to the passage of time. We are satisfied that the district court did not abuse its discretion in denying Thomas's motion to withdraw his guilty plea.

We also find no fault with the district court's rejection of counsel's motion to withdraw. In reviewing the denial of a motion for withdrawal of counsel, we consider: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint concerning

counsel; and (3) whether the conflict between attorney and client was so great that it resulted in a "total lack of communication preventing an adequate defense." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994) (internal quotation marks omitted). Whether a request for substitution of counsel should be granted is within the district court's discretion. See id.; United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994). Thomas's counsel filed three motions to withdraw as counsel of record, and, on appeal, Thomas confines his challenge to the district court's denial of the third.

The third motion was filed over seven months after Thomas pled guilty. As Thomas explained to the district court, the bases for the motion were his claims of innocence to several of the charges to which he had pled guilty, his dissatisfaction with counsel's assistance, and the Government's failure to move for a sentence reduction for substantial assistance.

We initially conclude that counsel's third motion to withdraw was not timely. See United States v. Reevey, 364 F.3d 151, 157 (4th Cir. 2004) (stating that a request for continuance to obtain new counsel on the first day of trial is untimely, absent exigent circumstances). Even on it merits, however, the district court properly found it unpersuasive. Thomas's claims that counsel failed to represent him adequately and was ineffective were wholly conclusory. Thomas also claims that

6

counsel should have done more on his behalf, but he does not explain what more counsel should have done. Moreover, the record discloses counsel urged the district court to consider Thomas's cooperation with the Government and to impose the minimum sentence possible. Although the Government emphasized the strength of the evidence against Thomas and the long and violent nature of his criminal history, the court imposed the statutory minimum sentences on the firearms counts and sentences at the low end of the U.S. Sentencing Guidelines Manual on the cocaine base counts. Thus, Thomas has not demonstrated that his attorney was unable to represent him adequately at sentencing. We accordingly conclude that the district court did not abuse its discretion in denying the third motion for withdrawal of counsel.

We therefore affirm the district court's judgment. We deny Thomas's motion seeking leave to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED